**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1778
_____

JONATHAN FRANCISCO,
                              Appellant

v.

DELANEY J. HERTZOG;
CHRISTINA M. PARSONS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:25-cv-00464)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 2, 2025
Before:  KRAUSE, MATEY, and BOVE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 30, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jonathan Francisco, proceeding pro se, appeals from an order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will summarily affirm.

Francisco filed a complaint raising claims stemming from his lack of success in state court child support and custody proceedings. He named as defendants Delaney J. Hertzog, the mother of his minor daughter, and Judge Christina M. Parsons, who presided over the state court action. The District Court dismissed the complaint, holding that Francisco failed to state a claim and that amendment of the complaint would be futile. Francisco v. Hertzog, 2025 WL 873017, at *3-5 (E.D. Pa. Mar. 20, 2025). Francisco timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's dismissal pursuant to § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In our review, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted).

The District Court properly concluded that Francisco failed to state a claim upon which relief can be granted. Francisco alleged that Hertzog violated his constitutional rights by denying him access to their daughter. We have held that "to state a claim of liability under [42 U.S.C.] § 1983, [the plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). Francisco's complaint contains no facts supporting a reasonable

2

inference that Hertzog was a state actor, and there is no indication that Francisco could allege facts demonstrating that there was "'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" Id. (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)); Dennis v. Sparks, 449 U.S. 24, 28 (1980) (stating that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge"); cf. Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam) (affirming the dismissal of a § 1983 claim against former wife arising from child custody dispute).

The claims against Judge Parsons, which solely relate to actions that she took in connection with the support and custody proceedings, are barred by the doctrine of judicial immunity. Judges are immune from civil liability for acts taken in their judicial capacity. See Figueroa v. Blackburn, 208 F.3d 435, 440-41 (3d Cir. 2000) (recognizing that judicial immunity extends to "judges of courts of limited and general jurisdiction"). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 443 (citation omitted). Francisco argued that immunity does not apply because Judge Parsons "engage[d] in commercial or administrative acts that violate constitutional rights." But this vague allegation does not plausibly suggest that Judge Parsons acted outside her

3

judicial role or in the absence of jurisdiction.[1]  Although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Nothing in Francisco's complaint suggested that this exception applies. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

Based on the foregoing, the appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's judgment.

---

[1] We also agree with the District Court that Francisco's passing references to 42 U.S.C. § 658a, 18 U.S.C. §§ 241 & 242, and the "Clearfield doctrine" are insufficient to establish that Judge Parsons acted in the absence of jurisdiction.  See Francisco, 2025 WL 873017, at *2 n.6 & n.7, *5 n.9.